IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                     PLAINTIFF

v.                               Case No.  4:14-cr-00080-01-KGB

JOSH RODGERS OLIVER                                                                          DEFENDANT

## ORDER

On March 17, 2015, defendant Josh Rodgers Oliver appeared in person with his attorney, Shelly Hogan Koehler, for a scheduled change of plea hearing (Dkt. No. 129).  The government was represented by Assistant United States Attorney Chris Givens.  The Court accepted Mr. Oliver's guilty plea and adjudged Mr. Oliver guilty of the offense charged in Count One of the Indictment.

Because Mr. Oliver was convicted of an offense for which the maximum term of imprisonment is ten years or more as prescribed in the Controlled Substances Act, 21 U.S.C. § 801, the Court is required, with certain exceptions, to order Mr. Oliver immediately detained in accordance with 18 U.S.C. § 3143(a)(2).  Through counsel, Mr. Oliver requested to remain free pending sentencing.  Based on Mr. Oliver's guilty plea and the representations from counsel for the government, the Court does not find either subsection (i) or (ii) of 18 U.S.C. § 3143(a)(2)(A) applicable.  Mr. Oliver argued that, given the circumstances of his case, 18 U.S.C. § 3145(c) applies and, therefore, the Court should permit him to remain free pending sentencing.  The government stipulated that Mr. Oliver is not likely to flee or pose a danger to the safety of any other person or the community.  The government also did not oppose Mr. Oliver's argument that 18 U.S.C. § 3145(c) should apply to the circumstances of his case so as to permit him to remain free pending sentencing.

For the reasons argued by counsel and stated by the Court on the record at the hearing in this matter, the Court determines that, giving weight to the government's agreement with Mr. Oliver that 18 U.S.C. § 3145(c) should apply, special circumstances exist so as to permit Mr. Oliver to remain free pending sentencing on the following conditions.

Mr. Oliver is on home detention with electronic monitoring while released pending sentencing. Mr. Oliver may not leave his residence except for employment, necessary medical and legal appointments, and religious activities, and then only with the prior permission of the United States Probation Office. Mr. Oliver and Ms. Koehler shall inform and seek prior approval from the United States Probation Office, and the Court if necessary, if any other needs arise that require Mr. Oliver to leave his residence. Mr. Oliver is enrolled in a methadone taper program. Subject to any conditions imposed by the United States Probation Office and this Court, Mr. Oliver may continue to pick up and transport Adam Burns to the methadone clinic when Mr. Oliver travels to the clinic.

Mr. Oliver's grandmother, Joyce Oliver, has agreed to act as third-party custodian for Mr. Oliver. Ms. Joyce Oliver agreed in open Court to abide by the requirements of a third-party custodian.

Mr. Oliver and Ms. Joyce Oliver will maintain a telephone at Mr. Oliver's place of residence without any feature or service that would interfere with the operation of the location monitoring equipment device, which may include Radio Frequency, Global Positioning System, or Random Tracking at the discretion of the United States Probation Office and shall abide by all technology requirements. Mr. Oliver shall follow all location monitoring procedures specified by the United States Probation Office and shall pay for the costs of the program to be established

by the United States Probation Office. Mr. Oliver must comply with the terms and conditions of the program.

Mr. Oliver and Ms. Joyce Oliver currently have at the residence a land telephone line through a cable service provider and will make arrangements to have an appropriate land line installed in the residence, as required by the United States Probation Office for the operation of the location monitoring equipment device. The Court directs the United States Probation Office to install the monitoring equipment on the land telephone line through the cable service provider currently available at the residence and to reinstall the monitoring equipment on the appropriate land line when available at the residence.

Mr. Oliver is directed to comply with all treatment plans that are in effect currently or that are put into effect for him. He is directed to execute a release authorizing the United States Probation Office to access all medical and psychological treatment records.

All other conditions of release, including those conditions of release set by Magistrate Judge Deere in her prior orders in this case (Dkt. Nos. 11, 76) shall remain in effect, in addition to those conditions now imposed by this Court's Order.

SO ORDERED this 18th day of March, 2015.

_____
Kristine G. Baker
United States District Judge